CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 08 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KELVIN A. CANADA, | ) | CASE NO. 7:10CV00432 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| RICKY FANNIN, ET AL., | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendants. | ) | |

Kelvin A. Canada, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant prison officials used excessive force against him on April 17, 2010. The defendants have filed motions for summary judgment in which they assert that they are entitled to qualified immunity against Canada's claims for monetary damages and motions for protective order, arguing that until the issue of qualified immunity is addressed, they should not be put to the burden of responding to Canada's requests for discovery. See Siegert v. Gilley, 500 U.S. 226 (1991). Among other things, Canada has moved for discovery of video footage of the April 17, 2010 incident. He argues that this footage will prove that the defendants are not entitled to qualified immunity. The court concludes that plaintiff must be allowed limited discovery.

The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity operates to protect government officials from both the burdens of trial and discovery. Siegert, 500 U.S. at 233. However, the Supreme Court has also "recognized that limited discovery may sometimes

be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Crawford-El v. Britton, 523 U.S. 574, 593 n. 14 (1998) (citing Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). When, for instance, a motion for summary judgment involves contested factual assertions, limited discovery may be appropriate. See Anderson, 483 U.S. at 646 n. 6 (discovery may be necessary if the defendant's characterization of his actions differs from the plaintiff's characterization of those actions).

Having reviewed the record, the court concludes that this is the situation here. The defendants have chosen to raise the issue of qualified immunity in fact-intensive motions for summary judgment that are supported by affidavits and directly contradicted by plaintiff's allegations. Because there is a factual dispute as to the underlying events in this case, it would be inherently unfair for the court to consider the evidence presented by the defendants without providing the plaintiff the opportunity to engage in discovery and fully respond to the defendants' motions. See Castro v. United States, 34 F.3d 106, 112 (2d Cir. 1994) ("Where the claimant's description of the events suggests that the defendants' conduct was unreasonable, and the facts that the defendants claim are dispositive are solely within the knowledge of the defendants and their collaborators, summary judgment can rarely be granted without allowing the plaintiff an opportunity for discovery as to the questions bearing on the defendants' claims of immunity."); Estate of Sorrells v. City of Dallas, 192 F.R.D. 203, 208 (N.D. Tex. 2000) (noting that "[a] district court may allow limited discovery if it determines that the plaintiff has alleged facts which, if proved, would overcome the defense of qualified immunity"). Accordingly, the court will vacate the protective order previously entered, deny the motions for protective order

currently pending, and require the defendants to respond to plaintiff's requests for discovery. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 8th day of June, 2011.

United States District Judge