CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| KELVIN A. CANADA | ) | Civil Action No. 7:10-cv-00432 |
|     Plaintiff, | ) | |
|  | ) | **MEMORANDUM OPINION** |
| v. | ) | |
|  | ) | |
| RICKY FANNIN, et al., | ) | |
|  | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

This is an action pursuant to 42 U.S.C. §1983 by plaintiff, Kelvin A. Canada, an inmate at the Red Onion State Prison, against defendants, officers J. Nate, J. Barrett, J. Gibson, and ex-officer Ricky Fannin, asserting various constitutional claims arising out of an incident in which a guard used rubber bullets to subdue Canada in the recreation area ("the rec-yard incident") and alleged retaliation after the incident. According to Canada, Fannin's handling of the incident led to Fannin's termination, and as a consequence of Fannin's firing and Canada's filing this suit, various officials have retaliated against Canada. Canada requests a preliminary injunction ordering his transfer to another prison to prevent further retaliation. Because Canada has failed to demonstrate that he will likely suffer irreparable harm without preliminary relief, the court denies his request.

I.

On April 17, 2010, Canada and Fannin were involved in an incident in the recreation yard. Based on Canada's complaint, Fannin unlocked Canada's recreation cell without handcuffing him first. This action "caused [Canada] to defend himself" and another guard subsequently subdued him with rubber bullets. The guards then took him to a medical examination room, where they videotaped him. In Canada's words, "[Fannin] opened up that

damn rec cage . . . and I whooped his ass." (Def. Video Ev., ECF No. 86.) He later taunted Fannin and said "I wish they'd do it more," referring to a guard opening his cage without restraining him first. (Id.) Canada later tells the guards that he "appreciates the lawsuit." (Id.) With regard to his fighting Officer Fannin, Canada repeatedly asks "What was I supposed to do?" (Id.) Sometime after the rec-yard incident, the prison fired Fannin.

Canada now claims that his guards routinely take away his showers, recreation time and meals, and threaten to assault him. He claims these actions and threats are in retaliation for Fannin losing his job and Canada bringing this claim against them. Outside of his general statements that several guards routinely threaten him, Canada points to five instances where he was threatened or had his privileges taken away.[1] Canada also alleges that he has been assaulted by guards twice – on June 6, 2010 and November 18, 2010. On the June 6th occasion, Canada claims that his wrist was lacerated by Officers Large and Phillips. Canada offers no clear version of what happened, other than to claim that the officers lied when they said he refused to turn around to be handcuffed.

With regard to the alleged assault on November 18, 2010, Canada states that he "had reached his breaking point" after being refused meals, recreation and showers. (Mot. Prelim. Inj. 5.) Therefore, he refused to comply with an order to be restrained and a cell extraction took place. (Id.) Based on affidavits filed by defendants, there was a group protest by about six

---

[1] Canada also mentions three specific instances of threats – on April 20, 24 and 28, by Lt. Fleming, Officer McCoy and Lt. Joe Fannin, respectively. He generally claims that Lt. Fleming and Officer McCoy threatened him. With regard to the threat he received from Lt. Joe Fannin, Canada stated that "Lt. Joe Fannin who is the brother of Officer Ricky Fannin[,] who just attacked and assaulted me on 4/17/10[,] is the [lieutenant] in the building I'm in and told me that . . . he's going to make sure he [has] me [injured] for what happened between me and his brother on 4/17/10." (Compl. Ex. 27.) In response, Investigator Adams told Canada that this was a "blatant lie," and that "Lt. Fannin is not [Ricky Fannin's] brother nor did he threaten you." (Id.) Canada then filed a formal grievance, which stated, in part, "[w]hether J. Fannin and R. Fannin are brothers is irrelevant[.]" (Id. at A.) Canada also claims his shower privileges were impermissibly taken from him on May 26 and 31, 2010. On the latter occasion, he also admits that he had placed his t-shirt in his tray slot to prevent it from closing, but claims he had legitimate reasons for doing so. (See Compl. Ex. 26, at A.)

2

inmates. The guards used pepper spray to subdue Canada before entering his cell because he refused restraints. When they opened his cell, Canada rushed at them with a knife, but was unsuccessful because he mistimed the door opening. Canada maintains that this is a pretext for their use of force and that he did not have a knife. Instead, he claims that after "order had been restored [by the guards, he] was" beaten while restrained. (Id. at 6.) After the guards subdued him, they washed him in the shower and later brought him to the hospital for his injuries from the incident. Canada claims that he had a broken nose, multiple contusions, blood shot eyes and a swollen face. (Id.) When he returned from the hospital, guards placed him in ambulatory restraints, and he remained in them, under monitoring, for forty-four hours. Although Canada claims otherwise, the Director of Nursing at Red Onion State Prison submitted an affidavit stating that he made no complaints of swelling or lacerations during that time period.

## II.

Canada fails to demonstrate that he is entitled to injunctive relief. The court denies Canada's claim for a preliminary injunction because he has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief.

"In order to receive a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" WV Ass'n of Club Owners & Fraternal Servs. v. Musgrave, 53 F.3d 292, 298 (4th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008)) (internal quotation marks omitted). Irreparable injury must be *likely*, rather than just possible. Winter, 129 S. Ct. at 375. As the Fourth Circuit has noted, retaliation claims in the prison context are treated "with skepticism because 'every act of discipline by prison officials is by definition

'retaliatory' in the sense that it responds directly to prisoner misconduct.'" Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). "Claims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." Adams, 40 F.3d at 74. An inmate must present more than "naked allegations of reprisal[.]" Id. at 74.

Canada claims that the guards at Red Onion have and will retaliate against him because Fannin was fired for the rec-yard incident and because Canada filed this suit over that incident. Yet, he fails to show that he will likely suffer irreparable harm if the court does not grant him a preliminary injunction. Canada fails to establish that the guards have made actual threats to his well-being. He points to two instances where he was physically hurt – one of which, the June 6, 2010 incident, goes largely unexplained in his filings with the court. Canada merely claims that the officers lied when they said he would not allow them to restrain him. On the other occasion when Canada was injured, he admits that he had reached his breaking point, caused a disturbance, and failed to allow the guards to restrain him during a group demonstration. As far as the court can determine, it appears that Canada's injuries came as the result of his protest and resistance when guards tried to restrain him. The only other "evidence" of threats marshaled by Canada amounts to little more than conclusory allegations that guards have told him they will retaliate against him. Canada fails to show that he will likely suffer irreparable harm without a preliminary injunction. Therefore, the court denies his motion for a preliminary injunction.

**Enter:** June 28, 2011.

UNITED STATES DISTRICT JUDGE

4